**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARK JONES; MICHAEL MCKEE,

    *Plaintiffs-Appellants*,

  v.

FORD MOTOR COMPANY, a
Delaware Corporation,

    *Defendant-Appellee*.

No. 22-35447

D.C. No. 3:21-cv-05666-DGE

OPINION

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted August 22, 2023
Seattle, Washington

Filed October 27, 2023

Before: Michael Daly Hawkins, Susan P. Graber, and M.
Margaret McKeown, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Article III Standing / Washington Privacy Act

The panel affirmed the district court's judgment dismissing for failure to state a claim a class action alleging that the Ford Motor Company made unlawful recordings of plaintiffs' private communications in violation of the Washington Privacy Act ("WPA").

The panel rejected plaintiffs' request for remand to the Washington state court because it was based on the flawed argument that Ford "self-rebutted the assertion of Art. III jurisdiction" when it alleged that plaintiffs failed to plead a statutory injury under the WPA in its motion to dismiss. The injury-in-fact prong of Article III standing and the merits of a WPA claim are separate inquiries. With respect to constitutional injury-in-fact, the complaint's allegations plausibly articulated an Article III injury because they claimed violation of a substantive privacy right. Article III standing was thus satisfied, and the district court properly retained jurisdiction.

Turning to the merits of the WPA claim, the panel rejected plaintiffs' claim that a violation of the WPA itself is an invasion of privacy that constitutes remediable injury. An invasion of privacy, without more, is insufficient to meet the statutory injury requirements of WPA Section 9.73.060. Plaintiffs must allege an injury to "his or her

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

business, his or her person, or his or her reputation." Wash. Rev. Code § 9.73.060. Plaintiffs failed to do so here.

## COUNSEL

Joel Ard (argued), Ard Law Group PLLC, Bainbridge Island, Washington; William R. Restis, Restis Law Firm PC, San Diego, California; for Plaintiffs-Appellants.

Peder K. Batalden (argued) and Emily V. Cuatto, Horvitz & Levy LLP, Burbank, California; Aaron D. Van Oort (argued), Faegre Drinker Biddle & Reath LLP, Minneapolis, Minnesota; Eric B. Wolff (argued), Perkins Coie LLP, Seattle, Washington; Anthony Todaro and Jeffrey B. DeGroot, DLA Piper LLP (US), Seattle, Washington; for Defendants-Appellees.

## OPINION

PER CURIAM:

Plaintiffs Mark Jones and Michael McKee appeal the dismissal of their class action alleging that the Ford Motor Company ("Ford") made unlawful recordings of their private communications in violation of the Washington Privacy Act ("WPA").

## I. BACKGROUND

Ford manufactures and sells automobiles with integrated infotainment systems that allow drivers and passengers to use their cellphones hands-free while operating Ford

vehicles.  According to the complaint, as part of this design, the infotainment system automatically downloads, copies, and indefinitely stores the call logs and text messages of any cellphone connected to it.  If text messages or call logs are deleted from a cellphone, the vehicle nevertheless retains the communications on the vehicle's on-board memory, even after the cellphone is disconnected.  Vehicle owners cannot access or delete their personal information once it has been stored.

Plaintiff Jones owns a Ford vehicle equipped with such a system.  He exchanged private text messages with Plaintiff McKee before subsequently connecting his cellphone to the vehicle's on-board infotainment system**.**  Both Plaintiffs allege that their private communications were unlawfully recorded from Plaintiff Jones's cellphone and permanently stored on his Ford vehicle in violation of the WPA.  Plaintiffs do not allege, however, that Ford actually accessed the personal communications on the vehicle.  Instead, Plaintiffs allege that the information may be accessed by a third-party company, for example, the Berla Corporation ("Berla").  According to the Plaintiffs, Berla produces hardware and software capable of extracting stored text messages and call logs stored on a vehicle's on-board memory.  Berla products are not generally available to the public, and sales access is restricted to law enforcement, the military, civil and regulatory agencies, and select private investigation service providers.

Plaintiffs initially filed their complaint in Washington state court.  Ford removed to federal court under the Class Action Fairness Act ("CAFA"), and Plaintiffs did not challenge removal.  Ford then moved to dismiss the operative complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.  The district

court granted the motion to dismiss on two alternative grounds: (1) Plaintiffs failed to allege an injury to their "person," "business," or "reputation," as the WPA requires, and (2) Ford did not violate the WPA merely by manufacturing and selling vehicles with infotainment systems. Plaintiffs timely appealed.

## II. STANDARD OF REVIEW

We review de novo a district court's determination whether a party has standing. *See Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1098 (9th Cir. 2022). We also review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011).

## III. DISCUSSION

### A. Jurisdiction.

Article III of the Constitution limits the "Judicial Power" of the federal courts to "Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States." U.S. CONST. art. III, § 2, cl. 1. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as "[t]he party invoking federal jurisdiction." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford*, 26 F.4th at 1099. Plaintiffs ask the court to remand this case to the Washington state court by applying a "strong presumption against removal jurisdiction." But no such presumption applies when a case is removed under CAFA. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81,

89 (2014); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022).

Plaintiffs seek remand based on the flawed argument that Ford "self-rebutted the assertion of Art. III jurisdiction" when it alleged that Plaintiffs failed to plead a statutory injury under the WPA in its motion to dismiss.  This we decline to do.  Plaintiffs' challenge fails because the injury-in-fact prong of Article III standing and the merits of a WPA claim are separate inquiries.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).    To establish the constitutional minimum for Article III jurisdiction, a plaintiff must plead an injury-in-fact; this creates a pleading floor.  A particular cause of action may require more—for instance, a particular type of injury or a threshold magnitude of injury—without raising the constitutional pleading floor. A failure to plead the more-specific or more-demanding statutory injury shows a failure to state a claim, not a failure to establish standing.  *See Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) ("If a plaintiff has shown sufficient injury to satisfy Article III, but has not been granted statutory standing, the suit must be dismissed under Federal Rule of Civil Procedure 12(b)(6), because the plaintiff cannot state a claim upon which relief can be granted.").  As such, demanding that Plaintiffs plead a WPA-specific injury to establish jurisdiction "conflate[s] standing with the merits."  *See Lazar v. Kroncke*, 862 F.3d 1186, 1198–99 (9th Cir. 2017).

With respect to constitutional injury-in-fact, the relevant law is settled.  A statute that codifies a common law privacy right "gives rise to a concrete injury sufficient to confer standing." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020).    And this court has consistently found that "[v]iolations of the right to privacy

have long been actionable at common law." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017); *see also Patel v. Facebook, Inc.*, 932 F.3d 1264, 1272–73 (9th Cir. 2019). The WPA codifies such substantive privacy rights and "is one of the most restrictive electronic surveillance laws ever promulgated." *State v. Roden*, 321 P.3d 1183, 1185 (Wash. 2014) (en banc); *see also State v. Clark*, 916 P.2d 384, 391–92 (Wash. 1996) (en banc).

Here, the complaint alleges that the vehicle's system downloads all text messages and call logs from Plaintiffs' cellphones as soon as they are connected. The complaint also alleges that the infotainment system permanently stores the private communications without Plaintiffs' knowledge or consent. At the pleading stage, those allegations plausibly articulate an Article III injury because they claim violation of a substantive privacy right. *See Eichenberger*, 876 F.3d at 983. Whether Plaintiffs "will be successful on the merits in [this] suit against [Ford] does not affect whether [they have] standing to pursue such a suit." *Iten v. Los Angeles*, No. 22-55480, 2023 WL 5600292, at *8 (9th Cir. Aug. 30, 2023) (citation omitted). Article III standing is thus satisfied, and the district court properly retained jurisdiction to hear this case.

## B. Injury.

To bring a claim under the WPA, a plaintiff must show that "a violation of [the WPA] has injured his or her business, his or her person, or his or her reputation. A person so injured shall be entitled to actual damages . . . or liquidated damages." WASH. REV. CODE § 9.73.060. On appeal, Plaintiffs claim that a violation of the WPA itself is an invasion of privacy that constitutes remediable injury. But the statutory text does not support their interpretation.

It is well established that "[s]tatutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom Cnty. v. City of Bellingham*, 909 P.2d 1303, 1308 (Wash. 1996) (en banc); *see also Corley v. United States*, 556 U.S. 303, 314 (2009). If Plaintiffs' understanding of the statute were sufficient to establish a claim, WPA Section 9.73.060 would be surplusage because a violation of the statute alone, without more, would automatically satisfy an injury to the person. Yet, the statute expressly requires an injury to one's business, person, or reputation. We find it difficult to believe Washington intended such a redundant outcome.

This issue has been percolating through district courts in our circuit, and they have reached the same conclusion. *See, e.g.*, *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1044–45 & n.3 (S.D. Cal. 2018) (finding that the invasion of privacy inherent in the unauthorized recording of an individual's conversation, without more, is insufficient to meet the Section 9.73.060 injury requirement); *Russo v. Microsoft Corp.*, No. 4:20-cv-04818-YGR, 2021 WL 2688850, at *3 n.3 (N.D. Cal. June 30, 2021) (finding that the WPA's cause of action applies only to those claiming that a violation has injured business, person, or reputation).

We embrace this analysis and hold that an invasion of privacy, without more, is insufficient to meet the statutory injury requirements of Section 9.73.060. To succeed at the pleading stage of a WPA claim, Plaintiffs must allege an injury to "his or her business, his or her person, or his or her reputation." WASH. REV. CODE § 9.73.060. Plaintiffs failed

to do so here.[1]    We note that Plaintiffs were given an opportunity to amend their complaint but declined to do so.

**AFFIRMED**.

---

[1] Because our injury determination dispositively resolves this case, we need not address the district court's alternative holding that the WPA does not extend liability to manufacturing.  *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).